IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Eugene Griffin, Jr., #175349, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Henry D. McMaster, Attorney ) <br> General, State of South Carolina, ) <br> Department of Corrections; Reginald ) <br> I. Lloyd, Director, South Carolina ) <br> Law Enforcement Division; Samuel ) <br> B. Glover, Director, South Carolina ) <br> Department of Probation, Parole, and ) <br> Pardon Services; A. J. Padula, ) <br> Warden, Lee Correctional Institution; ) <br> Rosa M. Hilton, Classification ) <br> Caseworker, Lee Correctional ) <br> Institution; Jane Doe; and John Doe, ) <br> sued in their official and individual ) <br> capacities; ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No.: 2:09-780-PMD <br><br> **<u>ORDER</u>** |

This matter is before the court on Plaintiff Donald Eugene Griffin, Jr.'s Objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommended the court dismiss the complaint without prejudice and without issuance and service of process. Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## **<u>BACKGROUND</u>**

In 1991, Plaintiff was convicted of kidnapping and is currently serving a life sentence at the Lee Correctional Institution. He commenced this § 1983 suit against the Defendants,

challenging a 1998 South Carolina law enacted by the General Assembly that requires Plaintiff to register as a sex offender upon release from the South Carolina Department of Correction because of his kidnapping conviction. Defendant Rosa Hilton notified Plaintiff of this requirement on September 20, 2005, and also notified Plaintiff that SCDC had reclassified him as a sex offender. In response, Plaintiff filed a grievance, which was denied at both the step-1 and step-2 levels. Plaintiff then appealed these denials to the South Carolina Administrative Law Court, which affirmed the denial of the grievance. Plaintiff then commenced a declaratory judgment action in the Court of Common Pleas for Richland County, and the court concluded that Plaintiff's claims relating to registration as a sex offender upon release were not ripe for review because Plaintiff is serving a life sentence for kidnapping. The court also concluded that Plaintiff's potential registration as a sex offender did not violate the ex post facto clause under the holding of *State v. Walls*, 348 S.C. 26, 558 S.E.2d 524 (2002). Instead of appealing the state court decision, Plaintiff filed a § 1983 suit in federal court, claiming that the South Carolina Sex Offender Registry Act violates the ex post facto clause of the U.S. Constitution. He asks the court to relieve him from being classified as a sex offender while imprisoned, to relieve him from having to register as a sex offender after he is released from prison, to award him nominal and punitive damages in the amount of $5,000 per defendant, as well as costs associated with the filing of this suit, an injunction, and any other relief deemed appropriate by the court. The Magistrate Judge recommended the summary dismissal of Plaintiff's complaint. He found that the *Rooker-Feldman* doctrine precludes the court from reviewing a state court's order and that Plaintiff's claim is barred by the doctrine of res judicata. The Magistrate Judge also recommended that to the extent Plaintiff challenges decisions to deny him parole, he stated a claim for which the court could not grant him relief.[1]

---

[1] Plaintiff did not object to the Magistrate Judge's recommendation on this matter; therefore, the court is

**STANDARD OF REVIEW**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION OF PLAINTIFF'S OBJECTIONS**

In his objections, Plaintiff first argues that his suit is not an appeal, but rather a civil rights complaint brought pursuant to § 1983; therefore, the *Rooker-Feldman* doctrine does not preclude this court's review of his claim. Even if the court were to agree with Plaintiff on this point, the court agrees with the Magistrate Judge that res judicata precludes the court's review of Plaintiff's claim. A federal court must give to a state-court judgment the same preclusive effect

---

not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

as would be given that judgment under the law of the state in which the judgment was rendered, *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 81 (1984), and the Full Faith and Credit Act, 28 U.S.C. § 1738 (2000), requires federal courts to apply state res judicata law to determine the preclusive effects of a state court judgment. *Greengael, LC v. Bd. of Supervisors*, 313 F. App'x 577, 579 (4th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)).

The doctrine of res judicata bars a party from raising any issues which were adjudicated in a former suit and any issues which might have been raised in the former suit. Under South Carolina law, res judicata requires three elements be met: (1) a final, valid judgment on the merits; (2) identity of parties; and (3) the second action must involve matters properly included in the first suit. *Stone v. Roadway Express*, 367 S.C. 575, 580, 627 S.E.2d 695, 697 (2006). In Plaintiff's case, all three elements are satisfied. The first element is satisfied because the state court rendered a final, valid judgment on the merits on October 7, 2008. The second element is also satisfied, as Plaintiff brought and controlled the state court declaratory judgment action. Lastly, the third element is satisfied because Plaintiff's claim in this suit—that the South Carolina Sex Offender Registry Act violates the ex post facto clause of the U.S. Constitution—was properly included in the prior state court action. The state court dismissed this claim for failing to state facts upon which relief could be granted since the South Carolina Supreme Court held in *State v. Wall*, 348 S.C. 26, 588 S.E.2d 524 (2002) that South Carolina's Sex Offender Registry Act does not violate the ex post facto clauses of the state or federal constitutions.

In his objections, Plaintiff contends that he should not be barred from bringing this federal suit because "the earlier decision was based solely upon an unreasonable presentation of misleading facts viewed in light of the defendants." (Objections at 6.) Thus, Plaintiff concedes he

already presented this claim for adjudication, and it is because this claim was previously litigated in state court that this court is precluded from reviewing it now. As such, the court accepts the Magistrate Judge's recommendation and dismisses Plaintiff's complaint.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Plaintiff Donald Eugene Griffin, Jr.'s complaint is **DISMISSED** without prejudice, and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 17, 2009**
**Charleston, South Carolina**